**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNK ANKIT,<br><br>Petitioner,<br><br>v.<br><br>DAVID VENTURELLA, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-02451-JD |

# ORDER

Petitioner Unk Ankit ("Petitioner") filed a Petition for Writ of Habeas Corpus. [Doc. No. 1]. In response, Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), controls this Court's decision in this immigration habeas action. [Doc. No. 9 at 1]. Petitioner did not file an optional reply. *See* [Doc. No. 7].

In admitting that *Santillan Quiroz* controls, Respondents reserve their appellate rights on the legal issue presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A). [Doc. No. 9 at 1 & n.2]. The U.S. Supreme Court recently granted a petition for a writ of certiorari in a substantially similar case arising from the Second Circuit. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert granted sub nom. Rhoney v. Barbosa da Cunha*, No. 26-104 (Oct. 1, 2026).

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226.

The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

The Court further declines to specify an allocation of the burden of proof, chiefly because no bond hearing has yet occurred, so any potential constitutional question is not ripe. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Moreover, 8 U.S.C. § 1226 does not speak on burden allocation, and the implementing regulations at 8 C.F.R. § 236.1(c)(8) place the burden of proof on Petitioner. The Court is not aware of any Tenth Circuit appellate authority mandating a burden allocation different from the regulation, nor does Petitioner point the Court to any such binding authority. *See* [Doc. No. 1 ¶ 65] (arguing Respondents should bear the burden of proving danger or flight risk, without citing binding appellate authority).

Consequently, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. A separate judgment will follow.

IT IS SO ORDERED this 13th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE